IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| YASIN COX, | ) |
| | ) |
|          **Plaintiff,** | ) |
| | ) |
| v. | )    No. CIV 23-504-R |
| | ) |
| CAMFIL USA, et al., | ) |
| | ) |
|          **Defendants.** | ) |

## ORDER

Plaintiff, proceeding pro se and in forma pauperis, initiated this action naming Camfil USA and several employees of Camfil as defendants. The employees have filed a Motion to Dismiss [Doc. No. 12] seeking dismissal pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process and Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Plaintiff filed a letter [Doc. No. 15] which the Court construes as a response to Defendants' motion.[1] Camfil USA has not joined in the motion because it has not been served. However, under 28 U.S.C. § 1915(e)(2), a court is required to dismiss an in forma pauperis action "at any time" if the action fails to state a claim on which relief may be granted.

Federal Rule of Civil Procedure 4(m) sets the time limit for serving a defendant and provides in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss

---

[1] Because Plaintiff is proceeding pro se, the Court affords his pleadings a liberal construction. *Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991). However, the Court is not required to imagine or assume facts in order to permit his complaint to survive. *Id.*

>the action without prejudice against that defendant or order that service be made within a specified time.

Plaintiff filed his Complaint [Doc. No. 1] on June 7, 2023 and was granted in forma pauperis status on June 12, 2023 [Doc. No. 4]. On the day of the service deadline, Plaintiff requested a summons for the four individual defendants, but not for Camfil USA. The returns of service [Doc. Nos. 8, 9] indicate that only three of the individual defendants were actually served and that each of them was served after the 90-day deadline had expired. As a result, the claims against all defendants are subject to dismissal for failure to timely effect service.

However, Rule 4(m) also provides for a mandatory extension of time if the plaintiff shows "good cause" for the failure to timely serve a defendant. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir.1995). To rely on the good cause provision, a plaintiff "must show meticulous efforts to comply with the rule." *In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996). If a plaintiff fails to show good cause, a district court may nevertheless grant a permissive extension of time to complete service. *Espinoza*, 52 F.3d 842.

By waiting until the end of the service period to request a summons, failing to request a summons for all defendants, and failing to take any further action to properly serve the remaining defendants, Plaintiff has not acted diligently and good cause for his failure to timely complete service does not exist. Plaintiff contends that the delay in completing service occurred because he was confused by a scrivener's error in the original order granting his in forma pauperis application, which inadvertently named the wrong defendant in the caption. *See* Doc. No. 4. Although "confusion or delay attending the

resolution of an in forma pauperis petition" is a relevant consideration under Rule 4(m), *Espinoza*, 52 F.3d 838 n.8, the Court is not persuaded that a permissive extension of time is warranted here. A corrected order granting Plaintiff's IFP application was entered on July 19, 2023 and the order specifically advised Plaintiff that the formal filing of his pleading will relate back to the date the pleading was conditionally filed. *See* Doc. No. 5. The order also advised Plaintiff that, upon his request, the United States Marshals Service would serve process at the address provided by Plaintiff. Despite these clear directives, Plaintiff waited nearly two months to request a summons and has still not requested a summons for at least one defendant. Under these circumstances, a permissive extension of time is not appropriate.

In addition to the lack of timely service, Plaintiff's Complaint also fails to state a plausible claim. Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although "specific facts are not necessary[,]" the statement must nevertheless "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *the Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff's Complaint, even when afforded a liberal construction, fails to meet this standard. The Complaint is disjointed and difficult to follow but appears to be alleging

3

some sort of claim under 42 U.S.C. § 1983 based on Defendants' alleged discriminatory business practices and/or misuse of certain trade secrets purportedly belonging to Plaintiff.[2] Although Plaintiff asserts in conclusory fashion that Defendants have stolen or are misusing his trade secrets, the factual basis of Plaintiff's claim is not apparent and he has therefore failed to state a plausible claim to relief.[3]

Accordingly, Defendant's Motion to Dismiss [Doc. No. 12] is GRANTED. The claims against Defendants Laake, Rider, Lockhart, and Coy are dismissed without prejudice to refiling for failure to timely complete service of process and failure to state a claim. The remainder of the action is dismissed without prejudice to refiling pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

IT IS SO ORDERED this 24th day of October 2023.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff also identifies several other federal statutes that do not provide a private right of action.

[3] Defendants also argue that Plaintiff should be not granted leave to amend. Plaintiff does not specifically request leave to amend his complaint to cure his pleading deficiencies. The Court finds no reason to permit him an opportunity to amend given that he has failed to effect timely service and has not explained that he can assert facts that would state a plausible claim.